UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERIPOP, L.L.C.,

                                  CASE NO. 2:09-CV-10592
         Plaintiff,       JUDGE ARTHUR J. TARNOW
                                  MAGISTRATE JUDGE PAUL J. KOMIVES
v.

CATALYST TECHNOLOGY SERVICE
and DETROIT ELECTRONIC MUSIC
FESTIVAL, INC.,

         Defendants,

_____/

### ORDER DEEMING MOOT PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO IDENTIFY THE OWNER OF DEMF.COM DOMAIN NAME (Doc. Ent. 24)

**A.    This case was dismissed on August 13, 2009.**

On February 17, 2009, plaintiff AmeriPOP, L.L.C., filed this lawsuit against defendants Catalyst Technology Service and Detroit Electronic Music Festival, Inc. (DEMF), alleging (I) federal trademark infringement under 15 U.S.C. § 1114 (¶¶ 25-29); (II) federal unfair competition under 15 U.S.C. § 1125(a) (¶¶ 30-36); (III) dilution of famous mark under 15 U.S.C. § 1125(c) (¶¶ 37-41); (IV) violation of Michigan commercial law and consumer protection act (¶¶ 42-47); and (V) counterfeiting of a federal trademark registration under 15 U.S.C. § 1114 (¶¶ 48-53). Doc. Ent. 1.

On March 26, 2009, defendants filed an answer to the complaint, affirmative defenses and jury demand. Doc. Ent. 10 at 1-11, 11-12. Defendants also filed a counter-complaint and jury demand. Doc. Ent. 10 at 13-19. Plaintiff filed an answer and affirmative defenses to defendants' counterclaim. Doc. Ent. 18.

A hearing on plaintiff's motion for preliminary injunction (Doc. Ent. 9) was noticed for a May 15, 2009 hearing (Doc. Ent. 19). However, the hearing was not held, because the case settled. *See* Doc. Ent. 05/18/2009.

On June 8, 2009, defendants filed a motion for summary judgment (Doc. Ent. 21), and plaintiff's motion for preliminary injunction (Doc. Ent. 9) was re-noticed for a June 18, 2009 hearing (Doc. Ent. 22). During the June 18, 2009 hearing, the Court mentioned an order of dismissal that would retain jurisdiction. Doc. Ent. 31 at 17. Furthermore, counsel for the parties and the Court discussed ownership, transferring and assignment of the domain name. *See* Doc. Ent. 31 at 23-24 (Transcript 06/18/2009).

A "Release and Settlement Agreement," dated June 29, 2009, is part of the record. Doc. Ent. 24-3. It provides, in part, that the June 18, 2009 transcript "**is incorporated into this Agreement and made part of hereof and is attached as Exhibit A.**" Doc. Ent. 24-3 at 6 ¶ 8 (emphasis in original).

Thereafter, on August 13, 2009, Judge Tarnow entered an order of dismissal. Doc. Ent. 23.

**B.    Plaintiff has since filed a motion to compel.**

On March 17, 2010, plaintiff filed a motion to compel defendants to identify the owner of DEMF.COM domain name. Doc. Ent. 24. On March 31, 2010, defendants filed a response. Doc. Ent. 25. According to defendants, "[p]laintiff did not bother to ask the right person before

filing its motion. After receiving the motion, [d]efendants promptly answered [p]laintiff's question." Doc. Ent. 25 at 1.[1]

Judge Tarnow has referred this motion to me for hearing and determination. Doc. Ent. 28.[2] A hearing on this motion was noticed for May 12, 2010. Doc. Ent. 29.

**C.     Analysis**

**1.**     As an initial matter, I note plaintiff's statement that attorney Favaro and Novak "continue to represent the [d]efendants to this day." Doc. Ent. 24 at 5. In support of its claim that attorney Novak still represents defendant Catalyst Technology Services, plaintiff provides a copy of the website www.mnovaklaw.com, "Representative Clients I" (Doc. Ent. 24-7); a copy of attorney Michael A. Novak's profile from the website www.gmhlaw.com (Doc. Ent. 24-8); and a copy of attorney Novak's member directory profile from the website www.michbar.org (Doc. Ent. 24-9).

To be sure, attorneys Elizabeth A. Favaro and Michael A. Novak of the GIARMARCO, MULLINS & HORTON, P.C., law firm entered appearances on behalf of defendants on March 4, 2009. Doc. Entries 6 & 7. On March 31, 2010, the date on which defendants filed their response to the instant motion, attorney Brian D. Wassom of the Honigman Miller Schwartz and Cohn LLP law firm entered an appearance on behalf of defendants. Doc. Ent. 26.

Plaintiff sought concurrence in this motion from Attorney Favaro on March 11, 2010. Doc. Ent. 24 at 2. Attorney Favaro's March 12, 2010 electronic mail to plaintiff's counsel states

---

[1] On April 22, 2010, plaintiff filed a motion for an order requiring specific performance. Doc. Ent. 27. Therein, plaintiff seeks a court order requiring defendant to "[d]issolve the corporate entity [DEMF][,]" and "[a]ssign the domain name www.demf.com to [p]laintiff." Doc. Ent. 27 at 1. This motion has not been referred to me and, therefore, is pending before Judge Tarnow.

[2] The Notice of Electronic Filing (NEF) of the April 22, 2010 order of reference sent to mnovaklaw@aol.com was not deliverable. Doc. Ent. 30. At this time, the docket lists attorney Michael A. Novak's electronic mail address as mnovak@gmhlaw.com.

3

that the law firm of Giarmarco, Mullins & Horton, P.C., "no longer represents any of the [d]efendants in this matter." Doc. Ent. 24-6.[3]

Attorney Wassom's March 18, 2010 letter to plaintiff's counsel states that the law firm of Honigman Miller Schwartz and Cohn L.L.P. "now represents [DEMF] and [Catalyst] with respect to this closed lawsuit." Doc. Ent. 25-3. In their March 31, 2010 response, defendants represent that the law firm of GIARMARCO, MULLINS & HORTON, P.C. does not represent defendants. Doc. Ent. 25 at 2.

Still, attorneys Favaro and Novak are still listed as defense counsel. This is so, because, attorney Wassom's notice of appearance was not a substitution of counsel, attorneys Favaro and Novak have not filed a motion to withdraw, etc. In other words, attorneys Favaro and Novak have not been terminated as counsel of record.

**2.** Next, there is plaintiff's allegation that "[a]s a consequence of the Defendants' failure to obtain the basic information required of them, they have breached the settlement agreement." Doc. Ent. 24 at 5. Defendants respond that they "have fully complied with their obligations under the parties' June 29, 2009 settlement agreement, which itself contains a broad release of all claims and says nothing about the Domain Name." Doc. Ent. 25 at 1.

The Court need not resolve the issue of whether the settlement agreement requires defendants "to disclose the owner of the domain name[,]" Doc. Ent. 24 at 5, because plaintiff now knows the owner of the www.demf.com domain name. In a letter to attorney Favaro dated November 17, 2009, plaintiff's counsel "request[ed] that [she] abide by [her] [June 18, 2009]

---

[3]Defendants contend that E.D. Mich. LR 7.1 and Fed. R. CIv. P. 37(a)(1) required plaintiff to seek concurrence "directly from the then-unrepresented Defendants[.]" Doc. Ent. 25 at 2.

4

agreement and provide [plaintiff] with the requisite information so that [plaintiff] can proceed to acquire this domain name." Doc. Ent. 24-4. On November 20, 2009, in response to attorney Favaro's same-day electronic mail, plaintiff's counsel stated, "[a]t the very least you can give us the name and the address of the lessor to comport to the settlement terms." Doc. Ent. 24-5 at 2.

The March 18, 2010 letter from attorney Wassom to plaintiff's counsel states that "the present owner of the Domain is Catalyst[,]" and notes defense counsel's expectation that plaintiff's counsel will withdraw the instant motion. Doc. Ent. 25-3. In an March 21, 2010 electronic mail, defense counsel asked, "[a]ren't you dismissing your motion?" Plaintiff's counsel responded, "[n]o–part and parcel was the transfer and it was implicit in the dialog with the Court." Doc. Ent. 25-4. Then, in its March 31, 2010 response, defendants state, "[p]laintiff is on notice that is motion is now moot, yet it refuses to withdraw the motion." Doc. Ent. 25 at 1.

On the date set for hearing, attorneys Arnold S. Weintraub and Brian D. Wassom appeared in my courtroom. A hearing was not held because, during counsel for the parties' pre-hearing discussion with my law clerk, plaintiff's counsel represented that this motion has been rendered moot.

**D.    Order**

Accordingly, plaintiff's motion to compel defendants to identify the owner of DEMF.COM domain name (Doc. Ent. 24) is DEEMED MOOT.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

s/Paul J. Komives  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE

Dated: May 13, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 13, 2010, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry  
Case Manager